UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GARY T. SLATER                                                                         PLAINTIFF

v.                                                         Civil Action No. 3:19CV267-GHD-RP

HOUSTON WIRE & CABLE COMPANY,
D/B/A SOUTHERN WIRE CORPORATION;
and ANDREW HALL                                           DEFENDANTS

**OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is the Defendants' motion for summary judgment [69] in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds that the motion should be granted in part and denied in part.

**I.     Background**

The Plaintiff, an African-American male, was employed by the Defendant Houston Wire & Cable Company (d/b/a Southern Wire Corporation) ("HWC") as a Distribution Center Manager in Olive Branch, Mississippi, beginning in October 2013. [First Amd. Compl., Doc. 36, at 2]. HWC terminated the Plaintiff's employment on December 31, 2018, after the Defendant Andrew Hall, who is HWC's Vice President and the general manager in charge of the Olive Branch facility, stated that he observed the Plaintiff using HWC's Olive Branch facility on a weekend to hold a private Masonic Lodge meeting without permission. [Doc. 36, at 4].

On February 6, 2019, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging racial discrimination and harassment [Doc. 36-1]. The EEOC subsequently issued the Plaintiff a Right to Sue letter [Doc. 36-2], and the Plaintiff timely filed his complaint in this matter [Doc. 1]. In his

complaint, the Plaintiff alleges racial discrimination, racial harassment, and retaliation, under Title VII and 42 U.S.C. § 1981, against HWC, and racial discrimination, racial harassment, and retaliation under Section 1981 against the Defendant Hall. The Plaintiff further asserts a state law claim against Hall for malicious interference with employment. Defendants now move for summary judgment as to all claims.

## II.     Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch Dist.*,

2

268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

### III. Analysis

#### A. Claims against Defendant HWC

The Plaintiff asserts that the Defendant HWC violated Title VII and Section 1981 by discriminating and retaliating against and harassing him because of his race. Under Title VII and Section 1981, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).[1] The Court considers the Plaintiff's claims in turn.

##### 1. *Race Discrimination in Termination of Employment*

The Plaintiff alleges that HWC racially discriminated against him in connection with the termination of his employment. To move past summary judgment, the

---

[1] Race discrimination claims brought under 42 U.S.C. § 1981 require the same proof as those brought under Title VII. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002)).

3

Plaintiff may show that discrimination occurred through circumstantial evidence. To do so, he must first establish a *prima facie* case of discrimination by providing evidence that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) he was replaced by someone outside the protected class or was treated less favorably than employees outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993); *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). If the Plaintiff provides such evidence, then the Defendant must then produce evidence of the existence of a legitimate, non-discriminatory reason for the unequal treatment. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)). If the Defendant does so, then the burden shifts back to the Plaintiff to produce evidence that either (1) the Defendant's "proffered reason is not true but is instead a pretext for discrimination;" or (2) the Defendant's "reason, while true, is not the only reason for its conduct, and another 'motivating factor'" for the termination is the Plaintiff's race. *Id.* (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

In the case *sub judice*, for purposes of this motion, the Defendant does not dispute that the Plaintiff can establish a *prima facie* case of discrimination – the Plaintiff is a black male, was qualified for the position he held, was subjected to an adverse employment action, and was replaced by a white male. Accordingly, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the Plaintiff's termination.

The Defendant's proffered reason for the Plaintiff's termination is that the Plaintiff used the Defendant's Olive Branch facility on a weekend day, December 23, 2018, to hold

4

a Masonic Lodge meeting, and that this usage of the facility was a violation of the Defendant's policies and rules. Given that the Defendant has proffered a facially non-discriminatory reason for the Plaintiff's termination, the burden now shifts back to the Plaintiff to produce evidence that either (1) the Defendant's proffered reason is not true but is instead a pretext for discrimination; or (2) the Defendant's reason, while true, is not the only reason for its conduct, and another 'motivating factor' for the termination was the Plaintiff's race.

The Court finds, at this juncture, that the Plaintiff has proffered sufficient evidence to show that there is a genuine issue of material fact regarding the Defendant's proffered reason for termination, and whether it is true or is a pretext for discrimination. Specifically, the Plaintiff testified in his deposition that he did in fact specifically ask Mr. Hall for permission to use the Defendant's "facility" on the date in question to hold a private meeting, and that Hall's response was that "he didn't care as long as everything goes back to where it was." [Doc. 69-3, at 154-56]. While Hall denies that the Plaintiff asked him for permission, the Court finds that, given that the Plaintiff's employment was specifically terminated for this single event and the Plaintiff has testified, with specificity, regarding the conversation he had with Hall regarding permission to use the Defendant's facility for a meeting and that both Tim Fleenor, the Defendant's National Distribution Center Manager and the decisionmaker who decided to terminate the Plaintiff's employment, and Chris McLeod, who was the Defendant's Vice President of Operations, testified that the Plaintiff would not have been fired if he had permission to use the facility [Doc. 69-6, at pp. 31-32; Doc. 73-18, at pp. 20-21], that a genuine issue of material fact exists regarding

5

whether the Defendant's proffered reason for the termination of the Plaintiff's employment is true or is pretextual, and a jury must decide this question.

For these reasons, the Court denies the Defendant's motion for summary judgment with regard to the Plaintiff's claims that his termination was based on racial discrimination and in violation of Title VII and Section 1981.

### 2. *Racial Harassment*

To establish that an unlawful hostile work environment (harassment) existed, the Plaintiff must provide evidence that: (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on his race; (4) the harassment complained of was so severe or pervasive that it affected the terms, conditions, or privileges of his employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993); *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

The Court finds that the Plaintiff has not provided sufficient evidence to establish that the Defendant created a hostile work environment, and summary judgment on his harassment claims is therefore warranted. The alleged incidents of harassment are either too remote in time and the Plaintiff failed to timely file a charge of discrimination with the EEOC with respect to any such incidents, or the alleged incidents do not constitute harassment based on race. The Plaintiff alleges in his complaint that the following five instances constitute racial harassment: (1) an October 29, 2015, written coaching the Plaintiff received related to the early closing of the Defendant's warehouse on October 23, 2015; (2) Hall's alleged use of the "n-word" during a 2015 conference with the Plaintiff;

6

(3) the Plaintiff's receipt in October 2015 of a video message from Hall in which Hall stated "you're dead to me;" (4) that at an unspecified time in 2017, the Plaintiff overheard Hall use the "n-word" and the term "Dan" (which purportedly means Dumb A—N——) in a conversation with McLeod; and (5) that while the Plaintiff was on short-term disability leave in 2018, he came to work and Hall asked him to leave. [Doc. 36, paras. 13-14].

The Court finds that there is simply no evidence to support a hostile work environment as to any of these allegations. First, the Plaintiff does not dispute that the three 2015 incidents are untimely under both Title VII and Section 1981. Claims brought under 42 U.S.C. § 1981 are subject to a four-year limitations period; claims brought under Title VII must be the subject of an EEOC charge within 180 days of the occurrence of the event. *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 550 (5th Cir. 2009); *Neal v. Leflore County Bd. of Supervisors*, No. 4:12CV10-SA-JMV, 2013 WL 482903, at *3 (N.D. Miss. Sept. 10, 2013); 42 U.S.C.A. § 2000e-5(e)(1). Plaintiff filed his complaint in December 2019, rendering any claims prior to December 2015 untimely under 42 U.S.C. § 1981. Plaintiff filed his EEOC charge on February 6, 2019, rendering any claims prior to August 10, 2018, untimely under Title VII. Accordingly, the limitations period regarding the Plaintiff's 2015 coaching, conference, and receipt of a video message, all of which occurred prior to December 2015, expired prior to the Plaintiff's filing of this lawsuit. The Plaintiff does not address or contest the untimeliness of these allegations. In any event, the Plaintiff submits no evidence that the coaching or the video were related to his race. Likewise, the Plaintiff has not shown that the alleged "Dan" comment he overheard on one occasion in 2017, and which was not directed towards him, constituted severe or pervasive racial harassment such that it affected the Plaintiff's terms, conditions,

7

or privileges of employment. *Moser v. Indiana Dep't of Corrections*, 406 F.3d 895, 903 (5th Cir. 2005); *Anderson v. Sikorsky Support Services, Inc.*, 66 F. Supp. 3d 863, 874 (S.D. Tex. 2014); *Smith v. Home Depot U.S.A., Inc.*, No. 2:05CV2188, 2007 WL 4292572, at *5 (S.D. Miss. Dec. 5, 2007) (holding that plaintiff's harassment claim failed, in part, because he only overheard one manager tell another manager to "tell that n---- [another employee] to get off his a—"). The Plaintiff scarcely argues otherwise. Finally, the Court finds that the 2018 incident involving Hall telling the Plaintiff to leave work while the Plaintiff was on short-term disability and had not been cleared to return from medical leave by his physician was not based on Plaintiff's race whatsoever. The Plaintiff does not argue otherwise or offer any evidence to support this incident as racially-based harassment.

Accordingly, the Court finds that the Plaintiff has failed to demonstrate the existence of a genuine issue of material fact with regard to his racial harassment claims, and those claims shall be dismissed.

### 3. *Retaliation*

Lastly with respect to the Defendant HWC, the Plaintiff asserts that HWC retaliated against him based upon internal complaints that the Plaintiff made in 2015, over three years before his employment was terminated, that (1) some of HWC's black employees perceived they could be fired over trivial offenses and (2) regarding the video message that Hall sent to the Plaintiff. [Doc. 36, at 5].

To establish a *prima facie* case of retaliation the plaintiff must provide evidence that: (1) he engaged in activity protected by the statute; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 555–57 (5th Cir. 2007).

8

The Court finds that the Plaintiff simply has not proffered any evidence that these two reports, which took place in 2015, are causally connected to his termination from employment in December of 2018. The reports were made over three years before the Plaintiff's termination, and the Fifth Circuit has held that even far shorter periods of time are too long to establish causality sufficient to permit a retaliation claim to move forward. See, e.g., *Bell v. Bank of America*, 171 Fed. Appx. 442, 444 (5th Cir. 2006) (seven-month lapse insufficient to establish causal connection); *Harvey v. Stringer*, 113 Fed. Appx. 629, 631 (5th Cir. 2004) (ten-month lapse insufficient); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002) (five-month lapse insufficient). The Plaintiff makes no attempt to establish a causal connection between these events and his termination; under Fifth Circuit precedent, the reports are far too remote in time to permit even an inference of causation. Accordingly, the Court grants the Defendants' motion for summary judgment as to the Plaintiff's retaliation claims.

**B.     Claims Against Individual Defendant Hall**

The Plaintiff asserts the above claims for racial discrimination, racial harassment, and retaliation, solely under 42 U.S.C. § 1981, against the Defendant Hall; the Plaintiff further asserts a claim against Hall for malicious interference with employment.

First, the Court dismisses the Plaintiff's claims for racial harassment and retaliation against Hall for the same reasons it dismissed those claims against HWC. The Plaintiff has simply not proffered sufficient evidence to support either of those claims, against either HWC or Hall.  Likewise, the Court holds that the Plaintiff's claim for malicious interference with employment is without merit and should be dismissed. In order to state such a claim, the Plaintiff must at this juncture show that a genuine issue of material fact

9

exists as to whether Hall's actions with respect to the Plaintiff's termination were calculated to cause damage to the Plaintiff and were done with the unlawful purpose of causing damage. *Levens v. Campbell*, 733 So. 2d 753, 760 (Miss. 1999). The Plaintiff has not presented sufficient evidence to overcome summary judgment related to these factors. Hall did not make the decision to terminate the Plaintiff's employment; Tim Fleenor, HWC's National Distribution Center Manager, did so after HWC conducted an investigation into the subject events [Doc. 69-7, at p. 17]. The Plaintiff simply has not presented evidence sufficient to show that a genuine issue of material fact exists regarding whether Hall's actions were calculated to cause damage or whether Hall's actions were done with the unlawful purpose of causing damage. For those reasons, the Defendants' motion for summary judgment shall be granted as to this claim.

As for the Plaintiff's claim for racial discrimination under Section 1981 against Hall, while the scope of individual liability under § 1981 remains murky, the Fifth Circuit has held that an individual may be liable under § 1981 if [he] is 'essentially the same' as the employer in exercising authority over the plaintiff." *Qiang Li v. Verizon Wireless Texas, LLC*, No. 3:17-CV-2249-X-BH, 2020 WL 2515953, at *11 (N.D. Tex. Feb. 28, 2020), report and recommendation adopted sub nom. *Qiang Li v. Verizon Wireless Texas, LLC*, No. 3:17-CV-2249-X-BH, 2020 WL 2513542 (N.D. Tex. May 15, 2020); *Thomas v. Link Staffing*, No. 4:17-CV-3902, 2019 WL 486875, at *3 (S.D. Tex. Jan. 8, 2019), report and recommendation adopted sub nom. *Thomas v. Staffing*, No. CV H-17-3902, 2019 WL 480133 (S.D. Tex. Feb. 7, 2019) (citing *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003); *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008)).

In *Foley*, the Fifth Circuit upheld the district court's denial of summary judgment for individual defendants sued under Section 1981 because the court "found genuine issues of material fact as to whether the Appellants exercised control over the faculty positions and titles [at issue]. If so, the Appellants were 'essentially the same' as [the university] for purposes of the retaliatory conduct alleged in this case." 355 F.3d at 337. The *Foley* court noted some tension in its prior decisions with respect to individual liability, but stated "we do not believe that this is the proper case in which to decide the outer boundaries of § 1981 liability as it applies to individual non-employer defendants, nor to attempt to catalogue every fact situation which might subject an individual to such liability." *Id.* at 338.

District courts within the Fifth Circuit generally have interpreted *Foley* to recognize individual liability under § 1981 for supervisors who exercise control over employment decisions and were personally involved in the complained-of conduct, but have refused to allow a claim under Section 1981 against a mere co-worker. See, e.g., *Miller v. Wachovia Bank, N.A.*, 541 F.Supp.2d 858, 862-63 (N.D. Tex. 2008); *Covalt v. Pintar*, No. CIV.A. H-07-1595, 2008 WL 2312651, at *7 (S.D. Tex. June 4, 2008) ("...Plaintiff's co-worker, was not a party to Plaintiff's employment contract, and there is no allegation that [she] was "essentially the same" as Defendant...when engaging in the alleged retaliatory or harassing acts."). In *Medina v. Houston Intern. Ins. Group, Ltd.*, Civil Action No. 4:13-CV-3343, 2015 WL 459256, at *4 (S.D. Tex. Feb. 2, 2015), the district court noted that "[i]ndividual liability under Section 1981 is unsettled in the Fifth Circuit," but that individuals can be held liable under Section 1981 if they "are essentially the same as the [employer] for the purposes of the complained-of conduct." *Thomas*, No. CV H-17-3902, 2019 WL 480133 (S.D. Tex. Feb. 7, 2019).

11

In the case *sub judice*, the Court finds that, while it is a close call, the Plaintiff has proffered sufficient evidence regarding Hall's involvement in the events surrounding the Plaintiff's termination to warrant the denial of the Defendants' summary judgment motion on this claim. Hall was the Defendant HWC's Vice President and general manager in charge of the subject Olive Branch facility and he was involved in the events that led to the Plaintiff's termination. While he was not the ultimate decisionmaker regarding the Plaintiff's employment (Tim Fleenor made that decision), he was not a mere co-worker of the Plaintiff. Accordingly, the Court finds that the Defendants' summary judgment motion regarding this claim should be denied.

## IV. Conclusion

For all of the foregoing reasons, the Court finds that the Defendants' motion for summary judgment should be granted in part and denied in part. The Court finds that there is no genuine issue of material fact with respect to the Plaintiff's claims for racial harassment, retaliation, or malicious interference with employment, and those claims shall be dismissed as to both Defendants. The Court does find, however, that a genuine issue of material fact exists with respect to the Plaintiff's claim for racial discrimination, against both HWC and Hall, in connection with the Plaintiff's termination from employment, and the Defendants' motion for summary judgment as to that claim shall be denied.

An order in accordance with this opinion shall issue this day.

This, the 11th day of January, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

12